UNITED STATES COURT OF APPEALS
**Filed 3/15/96**
TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

  v.

    No. 95-8034

BRUCE GAIL HARBEL,

    Defendant-Appellant.

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges

ORDER AND JUDGMENT[*]

Defendant Bruce Harbel appeals from his conviction of using or carrying a firearm during and in relation to a drug trafficking crime, namely distribution of and possession with intent to distribute methamphetamine. See 18 U.S.C. § 924(c). On appeal, Harbel alleges that the trial court erred in admitting certain evidence, and that the government presented insufficient evidence for a jury to find he used a firearm within the meaning of § 924(c). While this appeal was pending, the United States Supreme Court decided

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Bailey v. United States, 116 S. Ct. 501 (1995), which held that "using" a firearm within the meaning of the statute requires "active employment" of the weapon with respect to the crime. Id. at 509. Based on Bailey, Harbel asserts that the trial court's jury instruction, allowing conviction upon a mere showing that the firearm "facilitated" the drug offense, was erroneous. The parties were permitted supplemental briefing on the application of Bailey to this case.

Regardless of whether sufficient evidence supports a jury finding that Harbel "used" a firearm within the meaning of Bailey, the government presented sufficient evidence that Harbel "carried" a firearm within the meaning of § 924(c)(1). See United States v. Pigrum, 922 F.2d 249, 253 (5th Cir.), cert. denied, 500 U.S. 936 (1991) (section 924(c)(1) reads in the disjunctive; the government can prevail by showing that the defendant engaged in either form of the prohibited conduct). Witnesses testified that Harbel carried a shotgun on his person or at his feet in a car while engaged in the drug trafficking offense. This activity constitutes "carrying" a firearm. United States v. Cardenas, 864 F.2d 1528, 1534-36 (10th Cir.), cert. denied, 491 U.S. 909 (1989). In his supplemental response brief, Harbel appears to agree that the government presented sufficient evidence to satisfy the "carry" prong of § 924(c).

At oral argument, the government conceded that the jury instruction given by the trial court was erroneous in light of Bailey. It further conceded that the erroneous instruction was not harmless because evidence was presented suggesting that Harbel may

2

have been found guilty of passively using a firearm in conjunction with distributing methamphetamine. Because the government acknowledges that the jury may have relied on the erroneous instruction, we must remand for a new trial. We do not reach the remaining issues on appeal, insofar as they all involve trial errors.

Accordingly, we REVERSE the jury verdict and REMAND this case to the district court.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

3